Donald Charles Schwartz, Esq. (SBN 122476)
Law Offices of Donald C. Schwartz
7960 Soquel Drive, No. 291
Aptos, CA 95003
831-331-9909; Facsimile 815-301-6556
Email: triallaw@cruzio.com

Attorney for Plaintiffs
Schwartz Foundation, Donald Charles Schwartz
Michael L. Osterberg, Willie L. Brown, Jr.,
Charles P. Schwartz, III, Paul Schwartz, David Schwartz

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHWARTZ FOUNDATION, DONALD CHARLES SCHWARTZ, MICHAEL L. OSTERBERG, WILLIE L. BROWN, JR., CHARLES P. SCHWARTZ, III, PAUL DAVID SCHWARTZ, DAVID RICHARD SCHWARTZ,<br><br>Plaintiffs,<br><br>vs.<br><br>MARGOT WOOD SCHWARTZ, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 3:23-cv-06086<br><br>**NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants/Cross-Complainants DONALD CHARLES SCHWARTZ, MICHAEL L. OSTERBERG, CHARLES P. SCHWARTZ, III, PAUL DAVID SCHWARTZ, DAVID RICHARD SCHWARTZ, ("Defendants/Cross-Complainants") hereby

1

remove the above-captioned action from the Superior Court for the State of California, in and for the County of Santa Cruz, to the United States District Court for the Northern District of California. This removal is based on diversity jurisdiction, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, for the reasons stated below:

## I. THE STATE COURT ACTION

1. The parties have on file litigation pertaining to the control of the Board of Directors of the Schwartz Foundation in the Superior Court, County of Santa Cruz.

2. The County of Santa Cruz is within the territory of the United States District Court for the Northern District of California.

3. The parties have two consolidated state court cases pending as follows:

   i) Donald Charles Schwartz v. Schwartz Foundation, Case No. 21CV00023; and

   ii) Schwartz Foundation v. Donald Charles Schwartz, Case No. 21CV00416.

4. During the course of the litigation it became known that a certain Margot Schwartz had been implicated in a civil racketeering scheme and that she lives in the State of Wisconsin.

5. As of the date of this Notice of Removal, no other parties have been validly served with the Summons and Complaint in this matter. Because no other defendant has been served, they need not join or consent to Defendant's Notice of Removal. *Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925) (named defendants not yet served in state court action need not join the notice of removal).

## II. REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

8. In 2014, the United States Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the

Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84-89 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.; Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1196-1197 (9th Cir. 2015); *Garnett* v. *ADTLLC,* 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Dart Cherokee Basin Operating Co., LLC,* 574 U.S. at 86-89.

### III. REMOVAL IS BASED ON FEDERAL QUESTION AND DIVERSITY JURISDICTION

9.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332. This action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This civil action is also based on federal question (Civil RICO).

10. Plaintiffs here will be serving the Summons and Complaint for Equitable relief and Damages herein.

11. Further, because the United States District Court for the Northern District of California has original jurisdiction over this lawsuit pursuant to 28 U.S.C. section 1332, this action may be removed in its entirety pursuant to 28 U.S.C. section 1441(a) and (b). In addition, this Court has supplemental jurisdiction over all state claims that are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, pursuant to 28 U.S.C. section 1367(a).

A. **Plaintiff's Citizenship**

11. To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima faeie* evidence of domicile. *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 886 (9th Cir. 2013); *Marroquin v. Wells Fargo, LLC,* No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).

12. An existing domicile is presumed to continue. *Mitchell v. United States,* 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott,* No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014). It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss,* 191 F.2d 747, 751 (9th Cir. 1986).

13. Defendant is informed and believes, and on that basis alleges, that Plaintiffs are now, and was at all material times, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). *See* FAC 2. Accordingly, Plaintiffs are domiciled in and a citizen of the State of California for the purposes of diversity jurisdiction. *See Sololoff v. LRN Corp.,* No. CV 13-491 O-CAS (AGRx), 2013 WL 4479010, at *2-3 (C.D. Cal. Aug. 19, 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiffs residence, which was "prima facie evidence of his domicile, and thus of his citizenship").See also Plaintiffs caption page in which he lists his address as "1621 Franky Court, Santa Cruz, CA 95065."

### B. Defendant's Citizenship

14. For purposes of determining jurisdiction, Defendant Margot Schwartz is now, and was at the time this action was commenced, a citizen of the State of Wisconsin within the meaning of 28 U.S.C. section 1332(c)(1).

### C. Complete Diversity Exists

18. Because Plaintiffs are all citizens of California and Defendant is a citizen of Wisconsin, complete diversity of citizenship exists.

### D. Amount in Controversy

19. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

20. Establishing the $75,000 threshold necessary for diversity jurisdiction is not burdensome. When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

21. A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

22. The instant Plaintiffs allege that tens of millions of dollars are at state for the control of the Schwartz Foundation. In assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all

claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank,* 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust V. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See Kroske* v. *U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Galt G/S V. JSS Scandinavia,* 142 F.3d 1150, 1155 (9th Cir. 1998). Therefore, the ultimate inquiry is what amount is put in controversy by the plaintiffs' complaint, not what the amount of a defendant's liability (if any) will ultimately be. *Galt G/S,* 142 F.3d at 1155.

23. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S,* 142 F.3d at 1155-56.

24. <u>Special Damages</u>. In this instance, the Complaint and prayer for relief contained therein reasonably demonstrate that the amount in controversy does, in fact, exceed $75,000. Plaintiffs seek "special damages in the sum of $100,000,000" for each of his causes of action for defamation and fraudulent misrepresentation in addition to emotional distress damages and punitive damages "in a sufficient amount to deter each and every defendant." *See* FAC 11, 12, 13, 34, 39, 45, 50, and Prayer for Relief.

25. <u>General Damages, Including Emotional Distress</u>. Plaintiffs also seeks an award emotional distress damages. *See* Complaint, and Prayer for Relief. Emotional distress damages have value for purposes of determining the amount in controversy. *See Kroske,* 432 F.3d at 980; *see also Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial"). *See*

6

*Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMMFMOX, 2013 WL 815975, at *2 (C.D. Cal. Mar. 5,2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy was satisfied).

26. <u>Punitive Damages</u>. Plaintiff also seeks to recover punitive damages as alleged in the Complaint and in prayer for relief. *See* Complaint and Prayer for Relief. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Where a plaintiff alleges serious claims for a defendant's misconduct and seeks both compensatory and punitive damages, courts have found it to be facially apparent that the matter in controversy exceeds $75,000. *See, e.g.. White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). For instance, the Court might find useful the following punitive damages verdicts:

i. *Yang v. ActionNet, Inc.*, No. 2:14-cv-00792-AB-PJW, 2016 WL 2748603 (C.D. Cal. Mar. 18, 2016) (wrongful termination case where $2,400,000 in compensatory damages and $5,000,000 in punitive damages awarded to the plaintiff).

ii. *Leggins v. Thrifty Payless Inc. d/b/a Rite Aid,* Superior Court, Los Angeles County, Case No. BC511139, 2015 WL 4748037 (Cal. Super. Ct. July 17, 2015) (Employee alleged wrongful termination, disability discrimination, harassment, and retaliation in violation of FEHA and the FMLA, and failure to prevent discrimination, harassment, and retaliation. Jury verdict for the plaintiff in the amount of $8,769,128, including $5,000,000 in punitive damages,

$213,213 for past economic loss, $1,055,915 for future economic loss, $1,500,000 for past non-economic loss, and $1,000,000 for future economic loss).

iii. *Verdine v. McDonnel-Douglas Corporation et al.*, Superior Court, Los Angeles County, Case No. BC-168266, 1998 WL 35471332 (Cal. Super. Ct. July 7, 1998) ($26,000,000 in punitive damages, $544,205 in economic damages; and $1,500,000 in non-economic damages awarded in wrongful termination case).

iv. *Songco V. Century Quality Management, Inc.*, Superior Court, Los Angeles County, Case No. BC-118303, 1997 WL 682397 (Cal. Super. Ct. Oct. 1, 1997) ($245,000 in punitive damages on $17,982 in compensatory damages awarded in wrongful termination case).

27. Although Defendant adamantly denies that any award of damages, let alone punitive damages, is recoverable. Plaintiffs' prayer for punitive damages, by itself, also satisfies the $75,000 amount in controversy requirement.

28. <u>Attorneys' Fees</u>. Moreover, Plaintiff seeks to recover his attorneys' fees as provided by statute. Complaint and Prayer for Relief. Where an underlying statute authorizes the award of attorneys' fees, as is the case here, such fees may be included in calculating the amount in controversy. *See Galt G/S*, 142 F.3d at 1156; *Goldberg v. CPClnt'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992). Here, Plaintiffs causes of action carry a prevailing party attorneys' fee provision.

### III.   TIMELINESS OF REMOVAL

Removal has been initiated within 30 days of establishing forensic proof of Civil Rico as to defendant Margot Schwartz.

### IV.   NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

35. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on

8

parties and filed with the Clerk of the Santa Cruz County Superior Court. Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

36. This Notice of Removal is effected properly and timely pursuant to 28 U.S.C. sections 1441 and 1446.

## V. INTRADISTRICT ASSIGNMENT

37. Assignment to the San Francsico Division is proper because named Plaintiffs in this action reside in San Francisco.

38. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal, and to produce supporting evidence.

WHEREFORE, Defendant removes the above-entitled action now pending in Santa Clara County Superior Court to this Court.

Date: November 22, 2023        */s/ Donald Charles Schwartz*

   Donald C. Schwartz
   Attorney for Plaintiffs