UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHWARTZ FOUNDATION, and others,<br><br>            Plaintiffs,<br><br>    v.<br><br>MARGOT WOOD SCHWARTZ, and others,<br><br>            Defendants. | Case No. 23-cv-06086 NC<br><br>**ORDER REQUESTING REMOVING PARTIES TO PROVIDE ADDITIONAL INFORMATION** |

On November 22, 2023, Donald Charles Schwartz, on behalf of himself and Michael L. Osterberg, Charles P. Schwartz III, Paul David Schwartz, and David Richard Schwartz, filed a Notice of Removal in this Court. ECF 2. This Order requests additional information so that the Court may assess subject matter jurisdiction, removal, the proper courthouse assignment within the Northern District of California, and whether the removed cases should be joined, consolidated, or related to the Complaint (ECF 1) also filed in this Court on the same day.

First, the Notice of Removal provides conflicting information about from where the cases are being removed. ECF 2. The Introduction and Paragraphs 1 and 2 refer to a consolidated case in Santa Cruz County Superior Court. The Conclusion commands removal from Santa Clara County Superior Court. ECF 2. The Removing Parties are ordered to clarify what cases are being removed from which State courts.

Second, Paragraph 37 of the Notice of Removal requests assignment to the San

Francisco Division.  ECF 2.  Title 28 U.S.C. § 1441(a) provides that removal of a civil action from State court is "to the district court of the United States for the district and division embracing the place where such action is pending."  The Removing Parties are ordered to explain why they assert assignment in this Court should be to the San Francisco Division, rather than to the San Jose Division, which embraces both Santa Cruz and Santa Clara Counties.

Third, the Removing Parties are asked to provide additional information about the timing of the asserted removal.  The Notice provides that Removal "has been initiated within 30 days of establishing forensic proof of Civil Rico as to defendant Margot Schwartz."  ECF 2 at p. 8.  This does not track to the timing requirements of 28 U.S.C. § 1446(b).  Generally, removal shall be within 30 days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief.  28 U.S.C. § 1446(b)(1).  If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Fourth, the Removing Parties are ordered to file a "copy of all process, pleadings, and orders served upon such defendant or defendants in such [removed] action," as required by 28 U.S.C. § 1446(a).

The Removing Parties are ordered to file a written response addressing these issues by December 13, 2023.   They are cautioned that an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated:  November 29, 2023  _____
NATHANAEL M. COUSINS
United States Magistrate Judge

2