Donald Charles Schwartz, Esq. (SBN 122476)
Law Offices of Donald C. Schwartz
7960 Soquel Drive, No. 291
Aptos, CA  95003
831-331-9909; Facsimile 815-301-6556
Email: triallaw@cruzio.com

Attorney for Plaintiffs
Schwartz Foundation, Donald Charles Schwartz
Michael L. Osterberg, Honorable Willie L. Brown, Jr.,
Charles P. Schwartz, III, Paul David Schwartz,
David L. Schwartz

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHWARTZ FOUNDATION, DONALD CHARLES SCHWARTZ, MICHAEL L. OSTERBERG, WILLIE L. BROWN, JR., CHARLES P. SCHWARTZ, III, PAUL DAVID SCHWARTZ, DAVID RICHARD SCHWARTZ,<br><br>Plaintiffs,<br><br>vs.<br><br>MARGOT WOOD SCHWARTZ, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 23-cv-06086<br><br>**RESPONSE TO REQUEST FOR REMOVING PARTIES TO PROVIDE ADDITIONAL INFORMATION** |

Removing Parties Schwartz Foundation, Donald Charles Schwartz, Michael L. Osterberg, Honorable Willie L. Brown, Jr., Charles P. Schwartz, III, Paul Schwartz, David Schwartz hereby respond to the Court's Order Requesting Removing Parties to Provide Additional Information (Dkt 8) as follows:

**Cases Removed**: The two cases removed are from the Santa Cruz County Superior Court. As set forth in the Notice of Removal (Dkt 2) at par. 3:

"The parties have two consolidated state court cases pending as follows:

(i) "<u>Donald Charles Schwartz v. Schwartz Foundation</u>, Case No. 21CV00023;

and

(ii) <u>Schwartz Foundation v. Donald Charles Schwartz</u>, Case No. 21CV00416."

Both cases derive from the Santa Cruz County Superior Court. While the cases were not officially consolidated by the Santa Cruz County Superior Court, they were being tracked on calendar on a coordinated basis. (Note: the reference to the Santa Clara Superior Court is an inadvertance.)

**Assignment to San Francisco**: Removing parties seek assignment to the San Francisco Division of the United States District Court, Northern District of California. The basis for the assignment is severalfold under the doctrine of parties and witnesses, and in the interest of justice. [28 USC §1404(a); <u>In Re LimitNone, LLC</u> (7th Cir.2008) 551 F3d 572, 576; See also <u>Morris v. Nuzzo</u> (7th Cir. 2013) 718 F3d 660, 665-666]:

**First, the gravamen of the parties are in San Francisco and is a convenience to all plaintiffs as well as to the defendant.** The stated offices of the Schwartz Foundation filed with the Secretary of State's Office, State of California are in San Francisco.[1] Further, the stated Agent for Service of Process is also in San Francisco.[2] [Complaint for RICO (Dkt 1) and exhibits attached thereto.)

Two plaintiff Board Members are domiciled in San Francisco: [1] Plaintiff and Board Member The Honorable Mayor Willie L. Brown, Jr. is domiciled in San Francisco. As a party almost 90 years old, it is imperative to plaintiff Brown to have the place of trial in San Francisco. (Due to the advanced age of plaintiff Brown, the case may be entitled to a trial setting priority.)

---

[1] While this Secretary of State filing is contested the defendant is estopped to deny its effect.
[2] Similarly, this Secretary of State filing is also contested and the defendant is estopped to deny its effect.

2

Plaintiff and Board Member Charles P. Schwartz, II is domiciled in San Francisco. Since plaintiff Charles P. Schwartz, II is finishing a Doctorate of Clinical Psychology, completing a double internship within San Francisco, it is imperative that the trial be in San Francisco.

As stated in the RICO Complaint filed herein (Dkt 1), though defendant Margot Schwartz is domiciled in Wisconsin, she has nevertheless acquiesced to venue in the City of San Francisco by having filed (albeit illegally) the Statements of Information with the Secretary of State's Office stating that the Schwartz Foundation's principle offices and agent for service of process are both in San Francisco (e.g., if defendant Margot Schwartz is operating the Schwartz Foundation then she is doing so in San Francisco.) See Exhibits to Complaint for RICO (Dkt 1) on file herewith. As such, **defendant Margot Schwartz is estopped to deny these jurisdictional and venue facts**. See Itel Containers Int'l Corp. v. Puerto Rico Marine Mgmt., Inc. (D NJ 1985) 108 FRD 96, 105; Gentek Building Products, Inc. v. Sherwin-Williams Co. (6th Cir. 2007) 491 F3d 320.

**No party or Board Member resides in Santa Cruz at this time or in the San Jose Division of the United States District Court, Northern District of California**. Only Board Member plaintiff Donald Charles Schwartz resided in Santa Cruz County at the time of initiation of the underlying cases, but no longer does as he currently resides in Alameda County. Because plaintiff Board Members Michael L. Osterberg and Paul David Schwartz also reside in Alameda County, a referral to the Oakland Division is an alternative should the Court so decide.

**Timing of Removal:**

The entirety of litigation over the Schwartz Foundation is a "case or controversy" under the meaning of Article III, §2 of the United States Constitution. The claims set forth in removing parties' action in the Santa Cruz County Superior Court (e.g., that defendant Margot Schwartz participated in an illegal scheme to seize control of the Schwartz Foundation by falsifying official records and documents) result in a concurrent jurisdiction under the RICO statute. 28 USC §1441(a). See Mims v. Arrow Fin'l Services, LLC (2012) 565 US 368, 386 132 S. Ct. 740, 753, 181 L. Ed. 2d 881. (Obviously, there is federal question jurisdiction here under the RICO

3

statute.)

As here, cases that are not initially removable can become removable upon a federal jurisdictional trigger. For example, the criminal activity of defendant Margot Schwartz over multiple states triggers RICO federal question and diversity jurisdiction and, therefore, removability. This removal trigger arose when defendant Margot Schwartz secreted plaintiff Schwartz Foundation monies of some $500,000 from California to both Arizona and Wisconsin – or at least directed the illegal appropriation of these monies from these various states.

The interest of comity and judicial economies make it certainly within the discretion of the federal court to exercise its supplemental jurisdiction by the instant removal. This is true because the same factual issues exist in all three cases (one federal and two state court), e.g., there is no prohibition from exercise of supplemental jurisdiction.

**Pleadings and Orders**:

See Notice of Removal Pleadings and Orders filed herewith.

**CONCLUSION**

For the reasons cited, this Court should exercise its supplemental jurisdiction on all three (one federal and two state court) cases and administratively transfer these cases to the San Francisco District, alternatively, to the Oakland District.

Respectfully submitted,

Date: December 13, 2023         */s/ Donald Charles Schwartz*
                                 _____
                                 Donald C. Schwartz
                                 Attorney for Plaintiffs
                    Schwartz Foundation, Donald Charles Schwartz
                    Michael L. Osterberg, Honorable Willie L. Brown, Jr.,
                    Charles P. Schwartz, III, Paul David Schwartz, David L. Schwartz

4