UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHWARTZ FOUNDATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARGOT D SCHWARTZ, <br><br> Defendant. | Case No. 23-cv-06086-JSC <br><br> **ORDER REMANDING CASES TO STATE COURT** |

On November 22, 2023, attorney Donald Charles Schwartz, on behalf of himself and the other Plaintiffs, filed this RICO action in this District. (Dkt. No. 1.) At the same time, and in this RICO case, Schwartz purported to file a Notice of Removal. (Dkt. No. 2.) The RICO Plaintiffs seek to remove into this RICO action two state court cases originally filed in Santa Cruz County Superior Court: *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032 (filed January 7, 2021), and *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416 (filed February 22, 2021). For various reasons set forth below, Plaintiffs' removal is improper. Accordingly, the Court REMANDS both state court actions to Santa Cruz County Superior Court.

**DISCUSSION**

Any civil action brought in state court over which the Court has original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). A removing defendant bears the burden of establishing federal jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 847 (9th Cir. 2020). Federal courts have an independent duty to ascertain jurisdiction and may remand a case *sua sponte* for lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As courts of limited

jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Plaintiffs' removal is improper and warrants *sua sponte* remand for five reasons.

***First***, only defendants can remove actions. 28 U.S.C. § 1441(a); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."). So, Donald Charles Schwartz, the plaintiff in *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032, may not remove that action to federal court. (Dkt. No. 14 at 59-60.) Only the defendant Schwartz Foundation, represented by Jessica Takano and Diea Schum, may attempt to remove that action to federal court.

***Second***, Plaintiffs cannot remove cases from state court into an existing federal court case. They must separately file a notice of removal initiating a civil action, together with a completed civil cover sheet. N.D. Cal. Civ. L.R. 3-2(a). Once properly initiated, the removed action is assigned to a judge and an initial case management conference is scheduled. *Id.* 3-3(a); 16-2(b). If a party believes the removed case is related to another case pending in the District, the party can file a notice of related case. *Id.* 3-12. The judge assigned the lower-numbered case decides if the cases are related and should be assigned to the same judge. *Id.*

***Third***, Plaintiffs cannot unilaterally consolidate two state court cases. *See* 2023 California Rules of Court Rule 3.350. Consolidation of Cases. Plaintiffs' removal notice alleges "[t]he parties have two consolidated state court cases pending," (Dkt. No. 2 at 2), but Plaintiffs' response to Judge Cousins's order to show cause reveals "the cases were not officially consolidated by the Santa Cruz County Superior Court." (Dkt. No. 12 at 2.) Because these cases are not consolidated, Plaintiffs can only remove each case separately in compliance with the removal requirements. *See* 28 U.S.C. §§ 1441, 1446.

***Fourth***, Plaintiffs' asserted removal is untimely. Generally, a defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). In both state cases Plaintiffs seek to remove, the

2

defendants appeared in 2021.  So, Plaintiffs' removal is facially untimely.  *Id*. § 1446(b)(1).

*Fifth*, federal jurisdiction does not exist over either case Plaintiffs seek to remove.  Plaintiffs assert removal is proper based on federal question jurisdiction.  (Dkt. No. 12 at 3-4.)  A district court has original jurisdiction over cases when a "federal question" is present, which occurs if a plaintiff's original cause of action arises under federal law.  28 U.S.C. § 1331.  Under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted).  Neither of the cases Plaintiffs seek to remove alleges a federal claim on its face.  *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032, requests appointment of board members.  (Dkt. No. 12-1 at 131-38.)  *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416, requests relief under California Corporations Code § 709, including declaratory and injunctive relief.  (Dkt. No. 12-1 at 57-69.)  These are not federal claims.  So, under the well-pleaded complaint rule, the initial pleadings in both cases fail to establish federal question jurisdiction.

Plaintiffs' alleged "criminal activity of defendant Margot Schwartz over multiple states" does not establish federal question jurisdiction or support removal.  (Dkt. No. 12 at 4.)  Federal question jurisdiction is not established by a defendant's anticipated federal defense to a state law cause of action.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (federal "jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law").  While such assertions may suggest a federal question could be raised during litigation, they do not establish the plaintiff's original cause of action arises under the Constitution.  *In re Border Infrastructure Env't Litig.*, 915 F.3d 1213, 1222 (9th Cir. 2019).  So, as there is no federal jurisdiction over either case Plaintiffs seek to remove, the cases must be remanded to state court.

//
//
//
//
//

**CONCLUSION**

RICO Plaintiffs' purported removal of two separate state court actions into this federal action is procedurally improper for a whole host of reasons. But, even putting those reasons aside, there is no federal subject-matter jurisdiction over those actions. Accordingly, the Court REMANDS to Santa Cruz Superior Court *Donald Charles Schwartz v. Schwartz Foundation*, Case No. 21-cv-00032, and *Schwartz Foundation v. Donald Charles Schwartz*, Case No. 21-cv-00416. This case shall proceed only on the RICO complaint. (Dkt. No. 1.)

**IT IS SO ORDERED.**

Dated: December 20, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge