1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    SCHWARTZ FOUNDATION, et al.,              Case No.  23-cv-06086-JSC

8                    Plaintiffs,

9           v.                                 **ORDER DISMISSING CASE FOR**
                                               **FAILURE TO SERVE**
10   MARGOT D SCHWARTZ,
                                               Re: Dkt. Nos. 27, 28, 30
11                   Defendant.

12

13          Plaintiffs filed this action on November 22, 2023.  (Dkt. No. 1.)[1]  Pursuant to the Federal

14   Rules of Civil Procedure, Plaintiffs were required to serve Defendant with the complaint and

15   summons within 90 days of the complaint's filing. Fed. R. Civ. P. 4(b), (c), (m).  Because

16   Plaintiffs failed to serve Defendant before the deadline, the Court ordered Plaintiffs to show cause

17   why the action should not be dismissed without prejudice for failure to serve.  (Dkt. No. 27.)

18   Plaintiffs responded by swearing "[s]ervice of the summons and complaint in this action has been

19   accomplished pursuant to Code of Civil Procedure section 415.40."  (Dkt. No. 28.)  The Court

20   then directed "[t]his action will be dismissed without prejudice unless Plaintiff files the overdue

21   proof of service by May 13, 2024."  (Dkt. No. 29.)  On May 13, 2024, Plaintiffs filed a "corrected

22   declaration" explaining Defendant has not been served and stating Plaintiffs' intention to file a

23   motion for leave to publish service pursuant to California Code of Civil Procedure § 415.50.  (Dkt.

24   No. 30.)

25          Proper service of process is a prerequisite to the Court's exercise of personal jurisdiction

26   over Defendant.  Fed. R. Civ. P. 4(k); *see Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir.

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1   2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has

2   been served in accordance with Fed. R. Civ. P. 4." (cleaned up).).  Defendant may be served

3   according to California law, which permits "summons [to] be served in a manner which is

4   reasonably calculated to give actual notice to the party to be served."  Cal. Civ. Proc. Code §

5   413.30; *see* Fed. R. Civ. P. 4(e)(1).  "If a defendant is not served within 90 days after the

6   complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the

7   action without prejudice against that defendant or order that service be made within a specified

8   time."  Fed. R. Civ. P. 4(m).

9       Plaintiffs have twice violated the Court's extended deadlines to file proof of service.  (Dkt.

10  Nos. 26 ("Plaintiffs shall file their Proof of Service on Defendant on or before May 2, 2024."), 29

11  ("This action will be dismissed without prejudice unless Plaintiff files the overdue proof of service

12  by May 13, 2024.").)  Plaintiffs have also violated the Court's order to "show good cause in a

13  writing, supported by evidence, as to why they did not meet the Court's extended May 2, 2024

14  deadline" because Plaintiffs' responses fail to provide evidence substantiating Plaintiffs' failed

15  service attempts or explaining why those attempts have been unsuccessful.  (Dkt. No. 27; *see* Dkt.

16  Nos. 28, 30.)  Indeed, Plaintiffs merely say:

17          I thought that the Summons and Complaint has been served via out of
            state certified/return receipt mail because a "green card" came back
18          on one of the service attempts with what appeared to me a mark on it
            that indicated a signature.  After researching the United State Postal
19          Service Tracking, I have concluded that the Summons and Complaint
            cannot be demonstrably shown to have been served on either of the
20          certified/return receipt services attempts.   (I previously caused
            Summons to two out-of-state addresses to be issued in this action as
21          to defendant Margot Schwartz.  I understand both the Milwaukee and
            New Mexico locations to be remotely located and cannot be served
22          via process server.)

23  (Dkt. No. 30.)  Plaintiffs' explanation boils down to they thought they had served Defendant but

24  did not.  This is insufficient to establish good cause for Plaintiffs' failure to serve.  And while

25  Plaintiffs baselessly claim the Milwaukee and New Mexico locations are too remotely located to

26  reach via process server, a simple reference to a map undermines Plaintiffs' characterization of

27  both addresses.  (Dkt. Nos. 21, 24.)

28      Plaintiffs have failed to serve Defendant within 90 days of filing the complaint or by the

Court's extended deadlines.  Plaintiffs offer no adequate explanation justifying Plaintiffs' failure, so Plaintiffs' failure to serve lacks good cause.  Accordingly, the Court DISMISSES without prejudice this action for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

     **IT IS SO ORDERED.**

Dated: May 15, 2024

JACQUELINE SCOTT CORLEY
United States District Judge